Amy L. Bennecoff (AB0891)
Kimmel & Silverman, P.C
1930 E. Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Phone: (856) 429-8334
Facsimile (856) 216-7344
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANCIS STACK,** | ) |
| Plaintiff, | ) **Civil Action No.** |
| v. | ) **Jury Trial Demanded** |
| **PALISADES COLLECTION, LLC,** | ) |
| Defendant. | ) |

## COMPLAINT

FRANCIS STACK ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PALISADES COLLECTION, LLC ("Defendant"):

### I. INTRODUCTION

1. This is an action for damages brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and New Jersey common law.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331.

3. Supplemental jurisdiction for Plaintiff's New Jersey common law claims exists subject to 28 U.S.C. § 1367.

1

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## III. PARTIES

5. Plaintiff is a natural person who resides in Brick, New Jersey.

6. Defendant is a debt collection company with headquarters located at 210 Sylvan Avenue, Englewood Cliff, New Jersey, 07632.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

8. Defendant is headquartered and regularly conducts business in the State of New Jersey, therefore personal jurisdiction is established.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff related to a Bank One credit card; Plaintiff does not owe this debt.

11. The alleged debt arose out of transactions that were for personal, family or household purposes.

12. As Plaintiff has no business debt, the alleged debt could only be personal in nature.

13. Between May and July of 2012, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone in order to collect the alleged Bank One debt.

14. Defendant's collection calls originated from numbers including, but not limited to (201) 308-9271 and (866) 230-8094. The undersigned has confirmed that these numbers belong to Defendant.

15. Defendant's collectors, including but not limited "Raul Delgado" (phonetic), called Plaintiff's cellular, work, and home telephones on a near-daily basis.

16. On several occasions, Defendant called Plaintiff at least three times per day.

17. Plaintiff told Defendant's collectors that he does not owe Bank One because the account was paid in its entirety sometime in 2002.

18. Plaintiff asked Defendant to provide details about the debt it was collecting and when that was not provided, Plaintiff repeated his request. Finally, after several months of repeated requests, Plaintiff received the account statements from Defendant. At that time it had become clear that the debt had indeed been paid in its entirety in or around 2002.

19. On or around July 5, 2012, Plaintiff's counsel sent written correspondence to Defendant, notifying of his representation and demanding that all contact cease immediately. The letter was received by Defendant on July 11, 2012. A true and accurate copy of Kimmel & Silverman's July 5, 2012 Letter of Representation is attached as Exhibit "A". A true and accurate copy of the Return Receipt dated July 11, 2012 is attached as Exhibit "B".

20. Despite specific notice of legal representation and cessation of contact, Defendant continued to call Plaintiff after receiving the letter, specifically July 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 and 26 of this year.

21. Defendant acted with the intent to harass and deceive Plaintiff and intended to violate his rights under the law.

22. Furthermore, Defendant continued to call for more than two weeks after actual notice of representation by counsel, indicating either an intent to violate Plaintiff's rights, or the

hiring of personnel who were not properly trained to implement cease and desist letters of counsel.

### COUNT I
### DEFENDANT VIOLATED § 1692c(a)(2) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

23. Section 1692c(a)(2) prohibits debt collectors from communicating with a consumer when the debt collector knows the consumer is represented by an attorney unless the attorney consents to direct communication with the consumer.

24. Defendant violated § 1692c(a)(2) when it received the Letter of Representation from Plaintiff's counsel on July 11, 2011 and continued to contact Plaintiff.

### COUNT II
### DEFENDANT VIOLATED § 1692c(c) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692c(c) demands that if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer.

26. Defendant violated § 1692c(c) when it received Plaintiff's cease and desist letter on July 11, 2011 and continued to contact him.

### COUNT III
### DEFENDANT VIOLATED § 1692d OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. Defendant violated § 1692d of the FDCPA when is continuously and repeated called Plaintiff to collect a debt he does not owe, when it continued to call Plaintiff when Plaintiff informed it he did not owe the alleged debt, when it continued to call Plaintiff after receiving Plaintiff's Letter of Representation, and when it engaged in other harassing, oppressive, or abusive conduct.

**COUNT IV**
**DEFENDANT VIOLATED § 1692d(5)**
**OF THE FAIR DEBT COLLECTION PRACTICES ACT**

29. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

30. Defendant violated § 1692d(5) of the FDCPA by causing Plaintiff's cellular telephone to ring repeatedly and continuously with the intent to annoy or harass him.

**COUNT V**
**DEFENDANT VIOLATED § 1692e OF**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

31. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or mean in connection with the collection of any debt.

32. Defendant violated § 1692e of the FDCPA when is continuously and repeated called Plaintiff to collect a debt he does not owe, when it continued to call Plaintiff when Plaintiff informed it he did not owe the alleged debt, when it continued to call Plaintiff after receiving Plaintiff's Letter of Representation, and when it engaged in other false or misleading conduct in its attempt to collect a debt that Plaintiff does not owe.

## COUNT VI
### DEFENDANT VIOLATED § 1692e(2)(A) OF
### THE FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from misrepresenting the amount, character or status of a debt.

34. Defendant violated § 1692e(2)(A) of the FDCPA when it misrepresented that Plaintiff owed a debt for an account that he paid off in 2002.

## COUNT VII
### DEFENDANT VIOLATED § 1692e(10) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

35. Section 1692e(10) prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt.

36. Defendant violated § 1692e(10) when is continuously and repeated called Plaintiff to collect a debt he does not owe, when it continued to call Plaintiff when Plaintiff informed it he did not owe the alleged debt, when it continued to call Plaintiff after receiving Plaintiff's Letter of Representation, and when it engaged in other false or deceptive means to collect a debt Plaintiff does not owe.

## COUNT VIII
### DEFENDANT VIOLATED § 1692f OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

37. Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

38. Defendant violated § 1692f when it continuously and repeated called Plaintiff to collect a debt he does not owe, when it continued to call Plaintiff when Plaintiff informed it he

did not owe the alleged debt, when it continued to call Plaintiff after receiving Plaintiff's Letter of Representation, and when it engaged in other unfair or unconscionable means to collect a debt that Plaintiff does not owe.

### COUNT IX
### DEFENDANT VIOLATED § 1692f(1) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

39. Section 1692f(1) prohibits debt collectors from attempting to collect a debt not expressly authorized by agreement or by law.

40. Defendant violated § 1692f(1) when it attempted to collect a debt from Plaintiff that he did not owe.

### COUNT X
### DEFENDANT WAS NEGLIGENT IN ITS HIRING, TRAINING, AND SUPERVISION OF DEBT COLLECTORS AND/OR ADMINISTRATIVE ASSISTANTS

41. As Defendant sought to collect monies from Plaintiff, it owed Plaintiff a duty of care.

42. Defendant's debt collectors, administrative assistants, and other representative employees were notified by Plaintiff's counsel that Plaintiff was represented by Kimmel & Silverman, P.C.

43. Kimmel & Silverman, P.C. sent Defendant a Letter of Representation demanding it cease and desist all communications with Plaintiff. This letter was received by Defendant on July 11, 2012.

44. Despite the fact Defendant was on notice of Plaintiff's representation, Defendant's collectors continued to call Plaintiff at least through July 26, 2012.

45. The fact that Defendant's collectors disregarded Plaintiff's written demand to cease and desist communications could only be the result of the negligent hiring, training, and supervision of Defendant's debt collectors and/or administrative assistants.

46. As a proximate result of Defendant's negligent training, hiring and supervision, Plaintiff suffered from stress, anxiety and anxiety.

47. Plaintiff is entitled to actual damages for Defendant's negligent hiring, training and supervision.

48. The conduct of Defendant was willful, deliberate, intentional, and/or with reckless disregard for the interests and rights of the Plaintiff, such as to justify an award of punitive damages pursuant to *N.J.S.A.* § 2A:15-5.9, *et. seq.*

WHEREFORE, Plaintiff, FRANCIS STACK, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and New Jersey common law;

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Punitive damages for Defendant's reckless negligent training, hiring and supervision;

    d. All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

**CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

DATED:  07/30/2012

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Attorney ID # AB 0891
Kimmel & Silverman, P.C
1930 E. Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Phone: (856) 429-8334
Facsimile (856) 216-7344
Email: abennecoff@creditlaw.com